UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HPROF, LLC, | No. 2:14-cv-2442-JAM-AC |
| Plaintiff, | |
| v. | ORDER AND |
| M R F FLORES, | FINDINGS & RECOMMENDATIONS |
| Defendant. | |

Plaintiff HPROF, LLC commenced an unlawful detainer action in the Solano County Superior Court on November 12, 2013. ECF No. 1 at 5. Defendant removed this action on October 17, 2014, seemingly on the basis of purported diversity jurisdiction, along with a request to proceed in forma pauperis. ECF No. 1 & 2.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), when a party seeks to proceed in forma pauperis, the court shall dismiss the case if the court determines that the plaintiff fails to state a claim upon which relief can be granted. A plaintiff fails to state a claim when the court lacks jurisdiction over the subject matter of the complaint. See Fed. R. Civ. P. 12(b)(1).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Furthermore, "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. Removal is proper only if the court could have

1

1  exercised jurisdiction over the action had it originally been filed in federal court. Caterpillar, Inc.
2  v. Williams, 482 U.S. 386, 392 (1987). Generally, federal courts have diversity jurisdiction over
3  cases between citizens of different states where the amount in controversy exceeds $75,000. 28
4  U.S.C. § 1332(a). In determining whether the amount in controversy requirement is met "[t]he
5  sum claimed by the plaintiff controls so long as the claim is made in good faith." Crum v. Circus
6  Circus Enterprises, 231 F.3d 1129, 1131 (9th Cir. 2000).

7      Attached to the Notice of Removal is a copy of the complaint filed by plaintiff in the
8  Solano County Superior Court. The complaint contains a single claim for unlawful detainer,
9  which explicitly requests damages under $10,000. In defendant's removal notice, defendant
10 seems to assert that diversity jurisdiction exists without alleging any facts regarding the
11 citizenship of the parties or the amount in controversy. Defendant does not claim that plaintiff
12 alleged damages of less than $10,000 in bad faith. Accordingly, this action does not meet the
13 requirements for diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy
14 is less than $75,000.

15     Moreover, a complaint for unlawful detainer does not state a federal question and
16 therefore does not come within this court's jurisdiction under 28 U.S.C. § 1331. Removal cannot
17 be based on a defense, counterclaim, cross-claim, or third-party claim raising (or attempting to
18 raise) a federal question. See Vaden v. Discover Bank, 556 U.S. 49 (2009); Hunter v. Philip
19 Morris USA, 582 F.3d 1039, 1042-43 (9th Cir. 2009); Metro Ford Truck Sales, Inc. v. Ford
20 Motor Co., 145 F.3d 320, 327 (5th Cir. 1998); Preciado v. Ocwen Loan Servicing, 2011 U.S.
21 Dist. LEXIS 32279, 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); Fed. Nat'l Mortg. Ass'n.
22 v. Bridgeman, 2010 U.S. Dist. LEXIS 134498, 2010 WL 5330499, at *4 (E.D. Cal. Dec. 20,
23 2010).

24     Based on the foregoing, IT IS HEREBY ORDERED that defendant's motion to proceed
25 in forma pauperis is granted; and

26     IT IS HEREBY RECOMMENDED that this action be remanded to the Solano County
27 Superior Court.

28     These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156–57 (9th Cir. 1991).

DATED: October 21, 2014

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE